## Elkins v. Commonwealth

(Decided February 23, 1926.)

### Appeal from Pike Circuit Court.

1. Criminal Law—Failure of Accused's Counsel to Object to Trial During Accused's Absence in Misdemeanor Case Constituted Waiver of Presence.—Failure of accused's counsel to object to trial during accused's absence in misdemeanor case constituted waiver of accused's presence, and consent to trial in accused's absence as permitted in misdemeanor cases.

2. Criminal Law—Refusal to Grant New Trial Because of Accused's Absence Held Not Abuse of Discretion, when no Objection Made. —Where accused was not present at the trial, because he missed train going to the county seat, but his counsel permitted the trial to proceed in accused's absence without objection, refusal of trial court to grant a new trial, based on accused's absence, held not abuse of discretion.

ROSCOE VANOVER for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE— Affirming.

Appellant was convicted of the offense of manufacturing moonshine whiskey and his punishment fixed at a fine of $500.00 and 60 days in jail. When the indictment was called for trial on the 6th day of the October, 1925, term of the Pike circuit court appellant by counsel demurred to the indictment and same was overruled. Thereafter and on the same day the case was tried without objection by counsel for appellant with the result above noted.

Four days later appellant filed motion and grounds for a new trial and in support thereof filed his affidavit

in which he stated that he lives 28 miles from the county seat and 3 miles from the nearest railroad depot; that he missed by a few minutes the first train to Pikeville, which would have gotten him there about 6 a. m., and came on the second train that arrived about 11 a. m.; that when he reached the courthouse a little after 11 a. m. he found his case had been tried in his absence and, making himself known to the court, then asked that the judgment be set aside and proof taken in his case.

As the record discloses the fact that appellant was represented by counsel who after his demurrer to the indictment had been overruled made no objection whatever to a trial in the absence of the defendant, he clearly waived the presence of his client and elected to try in his absence, as is permissible under the Code in misdemeanor cases.

Counsel therefore is plainly mistaken in his contention that appellant was denied his day in court. This he had and the failure of his counsel then to object to a trial in his absence clearly waived any such objection. To grant him a new trial under such circumstances would concede to him not only a day in court but the right thereafter to accept or disavow the result of the trial as to him seemed best. Courts may not thus be trifled with and it was not an abuse of discretion to refuse a new trial in this case.

Judgment affirmed.